IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,184




EX PARTE JAMES BLACKSHIRE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 94-51873-J IN THE CRIMINAL DISTRICT COURT NO. THREE 
FROM DALLAS COUNTY




           Per curiam. Price, J., not participating.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to forty years’ imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that counsel rendered ineffective assistance at his hearing on
the motion to adjudicate guilt. Specifically, the Applicant contends that counsel was ineffective
when he failed to investigate the facts of this case, and failed to present evidence in mitigation of
punishment. 
            The trial court has determined that trial counsel was ineffective in that counsel failed to
conduct any independent investigation and that such ineffective representation prejudiced Applicant. 
We find, therefore, that Applicant is entitled to relief. The judgment of conviction in Cause No. 94-51873-J from the Criminal District Court No. Three of Dallas County is set aside and the Applicant
is remanded to the Sheriff of Dallas County to answer the charges as set out in the motion to
adjudicate guilt.
            Applicant’s grounds one and two are denied. United States v. Ruiz, 536 U.S. 622, 122 S.Ct.
2450, 153 L.Ed. 586 (2002). Applicant’s remaining claims are dismissed. Ex parte Torres, 943
S.W.2d. 469 (Tex. Crim. App. 1997). 
 
Delivered: July 1, 2009
Do Not Publish